# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PIKE DOYLE, SR., <br><br> Plaintiff, <br><br> v. <br><br> MADERA SUPERIOR COURT, et al., <br><br> Defendants. | Case No. 1:19-cv-01558-AWI-BAM <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE <br><br> (Doc. No. 3) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Thomas Pike Doyle, Sr. ("Plaintiff"), a county jail inmate proceeding *pro se*, filed this civil action on November 1, 2019. (Doc. 1.) Plaintiff also filed an application seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) However, Plaintiff's application to proceed *in forma pauperis* was not adequately completed and, on November 2, 2019, the Court ordered Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the applicable filing fee within thirty (30) days. (Doc. No. 3.) The relevant time period for Plaintiff to respond to the Court's order has expired and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the filing fee, or otherwise responded to the Court's order.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson*

1

*v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. This action has been pending since November 1, 2019, and can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance. Indeed, a civil action may not proceed absent the submission of either the filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. As for the risk of prejudice to defendants, a presumption of injury arises from any unreasonable delay in prosecuting an action. *In re PPA*, 460 F.3d at 1227–28; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. *In re PPA*, 460 F.3d at 1228. Finally, there are no alternative sanctions which are satisfactory. A

monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders.  Further, Plaintiff was warned that his failure to submit an application to proceed *in forma pauperis* or pay the filing fee would result in a recommendation to dismiss this action. (Doc. No. 3.)  A warning that the failure to obey a court order will result in dismissal can meet the consideration of alternatives requirement.  *In re PPA*, 460 F.3d at 1229; *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.

**II.     Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*, failure to obey a Court order, and failure to prosecute.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l) and Local Rule 304.  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 27, 2020**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE